CHAS. E. MATTHEWS v. JAS. C. CALDWELL.

(No. 7,355.)

The provisions of the act of the general assembly of March 12, 1858, authorizing a second trial, in certain cases, in the same court, does not apply to the superior court of Cincinnati.

GENERAL TERM.—Reserved from special term on a motion to fix the amount of an undertaking to be entered into for the purpose of securing a second trial, according to the provisions of an amendment of the code, passed April 12, 1858.

*Collins & Herron*, for plaintiff.

*Bates & Scarborough*, for defendant.

GHOLSON, J., delivered the opinion of the court.

The question presented by the motion, and for the decision of which the case has been reserved to the general term, is whether the provisions of the act securing a second trial, in cases in which parties have a right to demand a trial by jury, apply to the superior court of Cincinnati.

By the 20th section of the act establishing the superior court of Cincinnati, it is provided that laws in force, or which might be enacted, regulating the practice of the courts of common pleas, or district courts, should govern the superior court, unless plainly inapplicable. It is a not

uncommon mode of legislation to refer, for the regulation of one matter or system, to the provisions governing another; and this is frequently done by general and sweeping words of incorporation or reference. Such legislation being usual, we have a guide in a general principle of construction. " It is a sound rule of construction laid down in 2 Inst. 287, but applicable to modern as well as to ancient statutes —perhaps, indeed, more so from necessity, in consequence of the looseness of expression which now prevails—that, ' in construction of general references, in acts of parliament, such reference must be made only as will stand with reason and right' and where a provision is, in its original and natural application, limited in respect of time and place, it is to give to general words of incorporation a meaning contrary to reason, and it may be contrary to right to hold that they apply to it." 6 Q. B. 51 E. C. L. 787–797. In a case, therefore, where the words were large enough to include the provision of a law giving an appeal, in a review of all the statutes, the court held that it was not intended to give an appeal. Such would be the duty of a court in construing general provisions of this nature, independent of any indication to that effect in the law itself; but in the act creating the superior court, an expression is introduced excluding from the operation of the general incorporating clause, those provisions which are plainly inapplicable, thus giving a discretion to determine whether any particular provision shall be deemed to apply or not. If the provision be, in its nature, general, and there be no plain and clearly satisfactory reason to the contrary, it ought to be held to apply. If in its purpose and intent it be special—if the mischief to be prevented, and the object to be attained, be peculiar to the courts of common pleas and district courts, then the provision ought not to be held applicable to the superior court.

If such be the rules by which we are to be guided in coming to a conclusion, an examination of the legislation in reference to the common pleas, district and superior courts,

will show that the mischief which was the object of the provision under consideration, did not exist in the superior court, but was confined to the common pleas and district courts. It is well known that, in the organization of the superior court, particular care was taken to avoid the inconvenience and delay of an arbitrary right of appeal from the decision of mere questions of fact. The second trial now provided for is, most clearly, so far as it goes, a substitute for the right of appeal. Where the matter for which a substitute is provided did not exist, there surely can be no good reason to suppose that the substitute can properly apply.

In another view there would be inconsistency and injustice, if this right of a second trial should be allowed. The act contemplates two classes of cases—those, where there is a right to demand a trial by jury, and those, where there is not; in both a right to have another trial is given, in one, by the second trial in the common pleas, in the other, by appeal to the district court. Now, if the act applies to this court, a favor and privilege is given to one class of cases, which is not allowed to the other, for there is no provision for an appeal that can apply to this court.

The conclusion that, from the nature and apparent object of the second trial provided in the *act* under consideration, it was not intended to apply to the superior court, is greatly strengthened by the circumstance that, in one section of the same act, and in a matter regulating the practice of the courts, the superior courts are expressly named and included. The argument derived from the exclusion in one section, and the inclusion in another, the act being regarded as a whole, is certainly very forcible. But, for one consideration, it would be unanswerable. In the repealing clause of the act, two sections of the code, 562 and 563, which secured a second trial in actions for the recovery of real property, are repealed. Now, these sections, in such actions, have been supposed to apply to the superior court. They were probably repealed, on the supposition that the provision for

a second trial, in all cases in which a trial by jury may be demanded, would take their place. If, therefore, such second trial does not apply to the superior court, what, it may be asked, is to take the place of a second trial in actions for the recovery of real estate under the repealed sections of the code? On the other hand, it may be claimed that the legislature simply intended to place all cases on the same footing, and not allow to cases, for the recovery of real estate, a privilege denied in other cases. This consideration, therefore, though not without force, is not of sufficient weight to counter-balance the reasons which have been suggested, and which, we think, clearly show the provision was not intended to apply to the superior court. The motion must be overruled.

Motion overruled.